UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN RICE,

        Plaintiff,

v.

JESSICA KALMEWICKI, *et al.*,

        Defendants.

_____ /

Case No. 25-11331

F. Kay Behm
U.S. District Judge

Kimberly G. Altman
U.S. Magistrate Judge

## OPINION AND ORDER ON DEFENDANT'S MOTION TO ABSTAIN UNDER *YOUNGER* AND TO STAY PROCEEDINGS (ECF No. 65)

## I.    PROCEDURAL HISTORY

Currently before the court is Defendant Jessica Kalmewicki's motion for the court to abstain under *Younger v. Harris* and to stay proceedings. (ECF No. 65). Plaintiff filed a response on March 23, 2026. (ECF No. 69). Kalmewicki filed a reply. (ECF No. 70). For the relevant factual background, see the Report and Recommendation found at ECF No. 60, PageID.2388-91. For the reasons set forth below, the court **DENIES** the motion.

## II.    DEFENDANT'S MOTION AND PLAINTIFF'S RESPONSE

Defendant Kalmewicki filed a motion asking the court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971) from adjudicating Plaintiff's requests for injunctive and declaratory relief to the extent those requests would interfere

1

with his pending Michigan criminal prosecution and further requests staying any remaining proceedings in this case pending final resolution of that prosecution, including direct review.  (ECF No. 65).  Kalmewicki explains that Rice is a defendant in a Michigan state court criminal prosecution arising from his recording of documents affecting real property.  The state case charges four counts of uttering and publishing documents affecting real property under Mich. Comp. Laws § 750.249(b).  Kalmewicki says that the charges have been pending since March 2025, before this federal case was filed, but Rice has not been arrested or arraigned.

The four instruments at issue in the criminal case are: (1 ) the Notice of Fraudulent Deed dated October 24, 2024, attached as Exhibit F to Kalmewicki's motion to dismiss, ECF No. 42-6, PagelD.1761-62; (2) the Defamation of Title Lien dated October 24, 2024, attached as Exhibit G to Defendant Kalmewicki's motion to dismiss, ECF No. 42-7, PagelD.1834-35; (3) the Notice of Lis Pendens dated March 4, 2025, attached to the complaint at ECF No. 1 -1, PagelD.443-45; and (4) the Notice of Fraudulent Deed dated March 4, 2025, attached to the complaint at ECF No. 1-1, PagelD.436-42.

Kalmewicki's argues that Rice now directs the court to these same instruments in his objections to the report and recommendation.  This is

problematic under *Younger*, according to Kalmewicki, because the Oakland County Prosecutor's Office complains that Rice uttered and published these documents with the intention to defraud and obtain property that was not his, by order of the Oakland County Probate Court.  According to Kalmewicki, Rice thus asks this court, at the objections stage, to consider and rely on those same documents in deciding whether to reject the Magistrate Judge' s recommendation.  In so doing, Kalmewicki argues, he invites the court to assess the significance, authenticity, validity, and operative effect of documents that are the subject of a pending state criminal prosecution.

In response, Rice argues that *Younger* is inapplicable because the bad faith exception applies.   As far as the court can tell, Rice asserts that Kalmewicki filed a false police report, which he says is an abusive use of legal process for harassment or retaliation, lacking probable cause.

## III.    ANALYSIS

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from enjoining state criminal prosecutions absent extraordinary circumstances.  *Younger* abstention also applies in federal declaratory judgment actions because they involve "precisely the same interference with and disruption of state proceedings" as an injunction.

3

*Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (quoting

*Samuels v. Mackell*, 401 U.S. 66, 72 (1971).  The Sixth Circuit has stated that

"*Younger* abstention derives from a desire to prevent federal courts from

interfering with the functions of state criminal prosecutions and to preserve

equity and comity." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017).

*Younger* abstention is applicable where three requirements are satisfied: "(1)

there must be [related] on-going state judicial proceedings; (2) those

proceedings must implicate important state interests; and (3) there must be

an adequate opportunity in the state proceedings to raise constitutional

challenges." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (quoting

*Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)).

Federal courts have a duty to hear federal questions and "have no more

right to decline the exercise of jurisdiction which is given, than to usurp that

which is not given." *New Orleans Pub. Serv., Inc. v. Council of City of New

Orleans*, 491 U.S. 350, 358 (1989) (quoting *Cohens v. Virginia*, 19 U.S. 264, 404

(1821)).  Thus, *Younger* abstention is "a limited carve-out to federal courts'

'virtually unflagging obligation' to exercise their jurisdiction." *Hill v. Snyder*,

878 F.3d 193, 205 (6th Cir. 2017) (quoting *Deakins v. Monaghan*, 484 U.S. 193,

203 (1988)).  The goal of analyzing an abstention argument is "not to find some

4

substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice … to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983).  "Traditional abstention doctrines like *Pullman*, *Younger*, and others are extraordinary and narrow exceptions to the normal rule of mandatory jurisdiction." *Fire-Dex, LLC v. Admiral Ins. Co.*, 139 F.4th 519, 526 (6th Cir. 2025) (quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)) (cleaned up).

Nothing in the Complaint suggests that Rice seeks in this case any injunctive or declaratory relief relating to his ongoing criminal proceeding. Instead, he asks for injunctive and declaratory relief relating to the actions taken in the Probate and District Courts.  Generally, in his Complaint, Rice asks for injunctive and declaratory relief.  (ECF 1, PageID.23, PageID.194). More specifically, he asks for a declaration that the Oakland County Probate Court and District Court acted without jurisdiction and their rulings must therefore be vacated.  *Id*. at PageID.23; *see also* PageID.112, ¶ 326 (requesting an order declaring Judge Callaghan's orders void); PageID.40, ¶ 72 (requesting declaration that rulings issued by the Probate and District courts are void);

5

PageID.43, ¶ 88 (requesting declaration and Judges Parker and Callaghan's order be declared void ab initio); PageID.69, ¶ 191 ("Judicial actions taken against Plaintiff without proper jurisdiction lack legal validity and must be declared void."); PageID.110, ¶ 326 ("Plaintiff seeks judicial review of Judge Callaghan's rulings and requests and order declaring them void."); PageID.129, PageID.131, ¶¶ 418, 426, 427 (seeking declaratory relief invalidating the "fraudulent guardianship"); *see also* PageID.204 (seeking declaration that guardianship was obtained through fraud on the court); PageID.131, ¶ 429 (seeking declaration that all orders issued by Judge Callaghan are void).  Additional requests for declaratory relief are variations on the theme that Rice seeks to vacate the decisions from the Probate and District Courts.  For example, Rice seeks a declaration that actions taken by Kalmewicki and the Probate Court, including the "fraudulent modification of public records and wrongful eviction, are null and void." *Id*. at PageID.156, ¶ 515).  Rice also seeks a declaration voiding all the orders entered by the Probate Court and affirming his rightful ownership in the property. *Id*. at PageID.164, ¶ 546; see also PageID.213, PageID.238; PageID.239 (seeking declaration that all orders removing Plaintiff's name from the property deed are void ab initio).  He further asks for restoration of his property. *Id*. at

6

PageID.23.  And, Rice seeks injunctive relief to halt the enforcement of the eviction order and restore his possession of the property.  *Id*. at Page.ID.163, ¶ 544.  Lastly, Rice seeks a declaration that Kalmewicki's conduct constituted intentional infliction of emotional distress, *see id*. at PageID.201, that Judges Callaghan and Parker violated his Fourth and Fourteenth Amendment rights, *see id*. at PageID.209, and his right to privacy and liberty, *see id*. at Page.ID.213; that Judge Callaghan's acts constitute piracy, conversion, and unlawful deprivation of rights under state and federal law, *see id*. at PageID.220; that Defendants' conduct constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and that Anna Brudek was subjected to unlawful elder abuse and Plaintiff's rights were similarly violated as a collateral victim, *see id*. at PageID.230; and that Defendants' conduct constitutes a taking without just compensation in violation of the Fifth and Fourteenth Amendments and the Michigan Constitution, *see id*. at PageID.238.

Pursuant to *Younger*, absent extraordinary circumstances, "a federal court may not grant injunctive or declaratory relief that would interfere with state judicial proceedings pending at the time that a federal complaint is filed." *Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012) (quoting *O'Neill*

7

*v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (internal quotation marks omitted)).  Thus, the "threshold issue in any *Younger* analysis is the 'question of whether interference exists.'"  *Hill v. Snyder*, 308 F. Supp. 3d 893, 904 (E.D. Mich.), aff'd, 900 F.3d 260 (6th Cir. 2018) (quoting *Merck Sharp & Dohme Corp. v. Conway*, 909 F.Supp.2d 781, 784 (E.D. Ky. 2012) (quoting *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012)).  "'In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings.'"  *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (quoting *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984)).  Thus, if the "plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts," there is no basis for *Younger* abstention.  *Id*. at 895 (internal quotations omitted).

None of the injunctive or declaratory relief sought in the Complaint seeks to interfere with the criminal case currently pending against Rice.  While the documents at issue in the state court criminal proceeding have been included in the record and referred to in the Objections to the Magistrate Judge's Report and Recommendation, Kalmewicki's motion does not explain how any of the declaratory or injunctive relief sought by Rice would actually

8

"interfere" with the state court criminal proceedings. *See e.g.*, *Krasnov v. RBS Citizens, N.A.*, 2013 WL 526889, at *4 (N.D. Ohio Feb. 8, 2013) (Court examined whether declaratory and injunctive relief sought by plaintiffs would implicate the state proceedings at issue, finding that the court could not grant the relief requested without directly interfering in the state court proceedings.). The crux of Kalmewicki's argument is that Rice asks the court, in his objections, to consider and rely on the documents at issue in the criminal prosecution in deciding whether to accept or reject the Magistrate Judge's recommendations. *Younger* is a narrow doctrine and only applies where granting injunctive or declaratory relief would interfere with a state court criminal proceeding. Kalmewicki does not sufficiently identify how consideration of the documents at issue, in the context of the objections, would require the court to consider granting injunctive or declaratory relief that would interfere with state court prosecution. For example, Rice seeks to have the court declare that the orders of the probate court and the district court were invalid. The probate court determined that Anna Brudek lacked sufficient capacity to transfer an interest in the property at issue, and thus quieted title in favor of the Estate of Anna Brudek. (ECF No. 65-1). Even if the court were to declare that order void, Kalmewicki does not explain how the

9

reversal of that capacity and quiet title decision would interfere with the prosecution of Rice for uttering and publishing under Mich. Comp. Laws § 750.249b[1] or how it would be relevant to a defense to the prosecution.[2]  The same is true with respect to the eviction proceedings.  A declaration that the judgment of possession was void would not seem to interfere with the prosecution for uttering and publishing.  Thus, *Younger* abstention is not appropriate because Kalmewicki's motion does not cross the threshold; that is, the injunctive and declaratory relief pursued by Rice does not seek to interfere with or enjoin the ongoing state court prosecution.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion for abstention under *Younger v. Harris* is **DENIED**.

**SO ORDERED**.

Dated: March 26, 2026                    s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge

---

[1] "A person who utters and publishes as true a false, forged, altered, or counterfeit deed or other document listed in section 248b knowing it to be false, forged, altered, or counterfeit with intent to injure or defraud is guilty of a felony punishable by imprisonment for not more than 14 years."  Mich. Comp. Laws § 750.249b(1).

[2] Notably, the Probate Court and District Court proceedings are not mentioned in the Amended Complaint/Information relating to Rice's criminal proceeding.