UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN RICE,

        Plaintiff,

v.

JESSICA KALMEWICKI, *et al.*,

        Defendants.

_____ /

Case No. 25-11331

F. Kay Behm
U.S. District Judge

Kimberly G. Altman
U.S. Magistrate Judge

**OPINION AND ORDER OVERRULING
OBJECTIONS (ECF No. 63) AND ACCEPTING AND
<u>ADOPTING REPORT AND RECOMMENDATION (ECF No. 60)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff, Alvin Rice, brings this § 1983 civil rights claim, along with a number of state law claims against Defendants, Jessica Kalmewicki, Judge Jennifer Callaghan, Judge Marla E. Parker, and Oakland County.  (ECF No. 1) This matter was referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings.  (ECF No. 25).  Defendants filed motions to dismiss the complaint.  (ECF Nos. 20, 42, 43).  Plaintiff filed an emergency motion for constructive trust and Defendant Kalmewicki filed a motion to have Plaintiff declared a vexatious litigant.  (ECF Nos. 50, 53).  Judge Altman issued a report and recommendation ("R&R"), recommending that the motions to dismiss be

1

granted, that the motion for constructive trust be denied as moot, and the motion to have Plaintiff declared a vexatious litigant be denied.  (ECF No. 60).

Plaintiff initially filed objections to the report and recommendation totaling 124 pages in length, including exhibits with additional objections. (ECF No. 61).  The court struck the objections, concluding that they did not comply with the local rules regarding page limitations and spacing requirements.  (ECF No. 62).  In that order, the court cautioned that it would not consider objections set forth in attached exhibits.  *Id*.  Plaintiff refiled his objections with four exhibits attached.  (ECF No. 63).  Among those exhibits is the original 124-page stricken set of objections.  (ECF No. 63-1).  As set forth in the order striking the objections, the court will not consider additional objections filed in exhibits.  Accordingly, the document found at ECF No. 63-1 will not be considered in any form.  Defendants filed responses to Plaintiff's revised objections.  (ECF Nos. 66, 67, 68).

For the reasons set forth below, the court **OVERRULES** Plaintiff's objections (ECF No. 63), **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 60), **GRANTS** Defendants' motions to dismiss (ECF Nos, 20, 42, 43), **DENIES** Plaintiff's motion for constructive trust as moot

(ECF No. 50), and **DENIES** Defendants' motion to declare Plaintiff a vexatious litigant (ECF No. 53).

## II.      LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object.  *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's

3

report results in treatment of a party's objections as a general objection to the entire magistrate judge's report.  A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  Further, the court "need not root through the record to find facts that would support Plaintiffs' positions."  *Munoz v. Rare Hosp. Int'l Inc*., 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (noting that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position); *see also United States v.*

4

*Sullivan*, 2019 WL 1354039, at *3 (E.D. Ky. Mar. 26, 2019) ("It is not the job of the Court to hunt for the evidence which may or may not support a petitioner's motion."  Rather, it is the job of the objecting party to "clearly and concisely identify specific factual and legal problems with a magistrate judge's R&R."); *J.A. v. Smith Cnty. Sch. Dist.*, 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Objections buried within a party's filing need not be considered by the court.).  Finally, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III.   FACTUAL BACKGROUND

The Magistrate Judge ably summarized the factual background in this matter as follows:

### A.   Allegations

Rice alleges that in 2015, he and his partner Anna Brudek jointly purchased a home in Oakland County, Michigan, but that

5

only Brudek's name was included on the title due to "Rice's ongoing complex and bitter divorce court proceedings[.]" (ECF No. 1, PageID.18). He says that he and Brudek had a private oral agreement regarding shared ownership of the property, and that in 2018 this agreement was formalized through a quitclaim deed. (*Id*.). After cohabitating for over a decade, he and Brudek were wed on December 17, 2018. (*Id*.).

According to Rice, Brudek's daughter, defendant Kalmewicki, was opposed to their marriage and engaged in tortious interference with Brudek's autonomy and decision-making. (*Id*., PageID.18-19). He says that Kalmewicki "essentially kidnapp[ed]" Brudek under the guise of a ten-day trip to Chicago on January 3, 2019, and filed a guardianship petition in the Oakland County Probate Court that same day. (*Id*., PageID.19). Rice contacted an FBI agent who agreed to assign another agent to investigate the situation, but ultimately did not do so because he was married to Judge Callaghan. (*Id*.). Then, on March 29, 2019, Rice says Kalmewicki filed a complaint in probate court accusing Rice of misconduct and attempting to strip Rice of his 50% property ownership in the Oakland County home he shared with Brudek. (*Id*.).

Judge Callaghan presided over Kalmewicki's probate court case against Rice and on February 22, 2022, she ruled in Kalmewicki's favor. (*Id*., PageID.20). Rice says he was denied his right to a jury trial, to discovery, and to present evidence in this matter, violating his due process rights. (*Id*.). Rice alleges that this was part of a "broader, premeditated scheme" to defraud him, although he does not explain the scheme. (*Id*.). He says that the case should have been held in a Michigan Circuit Court, not probate court, and that the probate court thus lacked jurisdiction over the claims, citing M.C.L. § 600.2932. (*Id*.). Meanwhile, Brudek passed away on September 12, 2020, after twenty-one months in a senior resident nursing home, and Rice says he was unable to visit her while she was there. (*Id*.).

Rice's complaint then jumps to October 24, 2024, when he alleges that Judge Parker, "exceeding jurisdiction under [M.C.L. §] 600.5701," issued a judgment for Rice's eviction from the property in dispute in Oakland County District Court. (*Id*., PageID.21). He says that the eviction violated the Fourth Amendment, his right to a trial by jury, and Article I of the Michigan Constitution. (*Id*.). He also says that he was deprived of his right to appeal the ruling, although he does not explain how. (*Id*.). These acts, Rice claims, also violated the Takings Clause of the Fifth Amendment. (*Id*.).

## B. Court Documents

In their motions to dismiss, Judge Parker and Kalmewicki have submitted copies of various court records referenced in Rice's complaint. The Court may take judicial notice of public state-court proceedings as well as documents referred to in the complaint that are integral to a plaintiff's case on a motion to dismiss. *See Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001); *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022).

The submitted documents verify that on February 22, 2022, Judge Callaghan issued an order following a bench trial that set aside the December 2018 quit claim deed and quieted title of the Oakland County property in favor of the Estate of Anna Brudek. (ECF No. 20-2). Rice appealed, and on October 19, 2023, the Michigan Court of Appeals upheld the decision. (ECF No. 20-3). Rice then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on April 29, 2024. (ECF No. 20-4).

On July 23, 2024, the Estate of Anna Brudek filed an eviction action against anyone residing at the Estate's Oakland County property. The case was assigned to Judge Parker, and on August 22, 2024, she entered an order requiring any current tenants to deposit $1,968.00 with the 47th District Court starting on September 1, 2024 and continuing for each month they remained

in the premises. (ECF No. 20-5). Then, on September 24, 2024, Judge Parker issued a Judgment of Possession in favor of the Estate of Anna Brudek. (ECF No. 20-6). Rice filed a motion for reconsideration, which was denied (ECF No. 20-7), and on October 29, 2024, she entered an order of eviction as to Rice (ECF No. 20-8). Rice did not appeal any of Judge Parker's rulings to the Oakland County Circuit Court.

(ECF No. 60, PageID.2388-91)

## IV.   ANALYSIS

The court assumes familiarity with the report and recommendation.

Objection No. 1

Plaintiff objects to the report and recommendation based on alleged partiality.  More specifically, Plaintiff contends that the recommendation to dismiss the claims against Oakland County and granting immunity to Defendant Parker demonstrates the appearance of partiality.  In this vein, Plaintiff argues that the R&R selectively credits unverified attorney arguments while ignoring Plaintiff's "verified evidence of Oakland County funding and long standing knowledge of fraud and oversight failure of the Probate and District Courts as the moving force behind the Constitutional deprivations." (ECF No. 63, PageID.2549-50).  Plaintiff argues that this selective treatment creates an objective appearance of favoritism under 28 U.S.C. § 455(a).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The provision requires a judge to *sua sponte* recuse himself if the judge knows of facts that would undermine the appearance of impartiality.  *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)).  As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion."  510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment.  *Id.*  Plaintiff has not alleged any claim of an extra-judicial source of personal bias on the part of the Magistrate Judge.  Nor has Plaintiff set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the Magistrate Judge unable to act impartially.  Rather, Plaintiff has merely taken issue with the rulings of the Magistrate

Judge.  The Sixth Circuit has explained that "[a] party cannot establish bias simply because it is unhappy with a [ ] judge's rulings."  *Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826, 838 (6th Cir. 2009) (citing *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001)).  Thus, Plaintiff's displeasure with the Magistrate Judge's decision to issue a report and recommendation unfavorable to him does not provide grounds for finding bias or for rejecting the report and recommendation.  The objection is, therefore, **OVERRULED**.

To the extent Plaintiff's claim of impartiality is based on the Magistrate Judge's expression of sympathy to Defendants who had to defend state court rulings that have already been litigated, the court similarly finds it to be without merit.  While the Magistrate Judge was "sympathetic" to Defendants in the context of the motion to have Plaintiff declared a vexatious litigant, she found in Plaintiff's favor on this issue.  Accordingly, even if a mere ruling could be grounds for bias, the court finds no evidence of partiality by the Magistrate Judge here.  The objection is **OVERRULED**.

Lastly, the court finds no merit in Plaintiff's objection that the R&R selectively credits unverified attorney arguments while ignoring Plaintiff's "verified evidence of Oakland County funding and long standing knowledge of

10

fraud and oversight failure of the Probate and District Courts as the moving

force behind the Constitutional deprivations."  (ECF No. 63, PageID.2549-50).

The Magistrate Judge specifically addressed Plaintiff's funding arguments in

the report and recommendation:

> Rice has not identified a policy, action, or custom that could make Oakland County liable for his alleged injuries. Simply funding the probate court does not suffice. *See Ridgeway v. Union County Comm'rs*, 775 F. Supp. 1105, 1109-10 (S.D. Ohio 1991) (the fact that county commissioners are responsible for funding the sheriff's department and administering county government does not extend liability to the commissioners); *Hill v. Gooch*, No. 3:14-CV-00595, 2014 WL 1117076, at *3 (M.D. Tenn. Mar. 20, 2014) (allegations that the defendant county was "the municipality responsible for starting, overseeing, funding, and creating policies to establish and operate the Davidson County Drug Court" were not sufficient to establish municipal liability). Therefore, Rice's claims against Oakland County should be dismissed.

(ECF No. 60, PageID.2411).  Plaintiff does not make any specific objection

regarding the Magistrate Judge's analysis regarding the import of funding.

Accordingly, the objection is **OVERRULED**.

Objection No. 2

To the extent that in this objection, Plaintiff objects to the full 30 pages

of the report and recommendation, it is an improper objection that fails to

specify the part of the report to which it objects.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (Objections that dispute the general correctness of the report and recommendation are improper.).  And to the extent that Plaintiff claims the R&R failed to address his claim that Defendant Kalmewicki lacked standing, it does not appear that Plaintiff made any standing arguments in response to Kalmewicki's motion to dismiss the complaint.  (*See* ECF No. 49).  Accordingly, this aspect of the objection is waived.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act...permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *see also Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding the district court properly found plaintiff waived an argument asserted for first time in his objections to the magistrate judge's report).

Plaintiff objects that the Probate and District Courts lacked subject matter jurisdiction, and the judgments are void *ab initio*.  As to the eviction proceedings, Michigan's district courts have jurisdiction over summary proceedings to recover possession of premises.  Mich. Comp. Laws

12

§ 600.5704.  Plaintiff further asserts that the quiet title action was improperly assigned to the Probate Court, violating Mich. Comp. Laws § 600.2932. Plaintiff argues that this lack of jurisdiction voids the judgment.  As Judge Callaghan explains in her response to the objections, the Probate Court has exclusive jurisdiction to establish a guardianship and conservatorship over vulnerable adults.  Mich. Comp. Laws § 700.1301(c).  The Probate Court also has exclusive jurisdiction over an individual's estate, determination of heirs, and distribution of the assets of a decedent's estate.  Mich. Comp. Laws §§ 700.1301 and 1302(a).  Moreover, the Probate Court has concurrent jurisdiction to determine real property rights or interests of a decedent's estate.  Mich. Comp Laws § 700.1303(1)(a).  Accordingly, Judge Callaghan's findings of facts and conclusions of law in her February 22, 2022 order regarding the quite title action of decedent Anna Brudek's real property were made under statutory probate court jurisdiction.  Thus, the court finds no basis to conclude that the decisions of Judge Parker and Judge Callaghan were made without jurisdiction and the objection is **OVERRULED**.

Objection No. 3

Plaintiff alleges that the Magistrate Judge's *Rooker-Feldman* analysis as it relates to fraud is in error because it "treats fraud allegations as conclusory

despite verified particulars." (ECF No. 63, PageID.2551).  Plaintiff says that his complaint and "materials" plead extrinsic fraud with specificity under Rule 9(b).  *Id*.  However, Plaintiff points not to allegations in his complaint, but to a host of other materials on the docket which he says invoke the extrinsic fraud exception to *Rooker-Feldman*.  *Id*.  There are two problems with Plaintiff's argument.  First, the allegations that satisfy Rule 9(b) must be found in the complaint itself.  And in his objections, Plaintiff does not point to any allegations from his complaint that satisfy Rule 9(b).  Second, generally pointing the court to hundreds of pages on the docket in support of an argument is not a proper objection.  Indeed, the court "need not root through the record to find facts that would support Plaintiffs' positions."  *Munoz v. Rare Hosp. Int'l Inc.*, 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Plaintiff's objection, while generally asserting that *Rooker-Feldman* is inapplicable because of fraud, does not engage with the Magistrate Judge's analysis regarding his fraud claim.  The Magistrate Judge explained:

> In *United States v. Throckmorton*, 98 U.S. 61, 65 (1878), the Supreme Court stated that there is an exception to the general rule that state-court judgments cannot be challenged in federal district courts "where, *by reason of something done by the successful party to a suit*, there was in fact no adversary trial or decision of the issue in the case." (emphasis added). This

14

exception does not apply to Judges Parker and Callaghan, who were not the successful parties in state court, but rather the presiding judges in the state court actions. The fraud exception has also been rejected where the plaintiffs "took no steps in the State court to have the judgment in that court set aside for fraud or collusion." *Bilderback v. City Nat. Bank & Tr. Co. of Columbus*, 639 F.2d 331, 332 (6th Cir. 1981) ("Neither did [the plaintiffs] appeal the order of the State court denying their motion to be removed from the class. The present action is a collateral attack on the State court judgment."). Rice took no such action in state court.

(ECF No. 60, PageID.2395).  Plaintiff's objections do not take issue with the conclusion that the fraud exception does not apply to Judges Parker and Callaghan or that he failed to take any steps in state court to have the judgments at issue set aside for fraud, rendering the fraud exception inapplicable.  Accordingly, the Objection is **OVERRULED**.

Objection No. 4

Plaintiff next objects that the R&R improperly applied the doctrine of res judicata to "void judgments."  According to Plaintiff, void judgments for lack of jurisdiction have no preclusive effect.  (ECF No. 63, PageID.2552).  To the extent this is a repeat of Objection No. 2, it is **OVERRULED** for the reasons set forth above.  The court also **OVERRULES** the objection because Plaintiff points to no error in the Magistrate Judge's res judicata analysis.  *See United States v. Sullivan*, 2019 WL 1354039, at *3 (E.D. Ky. Mar. 26, 2019) (It is the job

15

of the objecting party to "clearly and concisely identify specific factual and legal problems with a magistrate judge's R&R.").

Further, Plaintiff repeats his claim that the probate and district court orders were entered without jurisdiction, and thus res judicata does not attach. This aspect of Plaintiff's objection is **OVERRULED** for the same reasons set forth above with respect to Objection No. 2.

Objection No. 5

In this objection, Plaintiff claims that the R&R extends absolute judicial immunity to non-judicial and administrative acts, including the escrow order and eviction proceedings. (ECF No. 63, PageID.2552). Judge Parker's actions, including entering the escrow order and presiding over the eviction case are functions that are normally performed by a judge and thus are subject to immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.") (citation omitted); *Pucci v. Nineteenth District Court*, 628 F.3d 752, 762, 764 (6th Cir. 2010) (A Michigan trial court judge "is entitled to sovereign immunity from all federal claims against him in his official capacity

16

seeking damages and retrospective relief.").  This aspect of the objection is **OVERRULED**.

Plaintiff further argues that Judge Parker acted without jurisdiction when there was no real party of interest in the Probate Court case, thereby stripping Judge Parker of any immunity.  (ECF No. 63, PageID.2552).  In this aspect of the objection, Plaintiff must mean Judge Callaghan because she is the probate judge who presided over the probate matter at issue.  Again, the court rejects Plaintiff's claims that Judge Callaghan acted without jurisdiction and this aspect of the objection is **OVERRULED**.

Objection No. 6

In this objection, Plaintiff asserts that the R&R incorrectly concluded that Kalmewicki did not act under color of state law.  Plaintiff argues that this conclusion overlooks "verified evidence" demonstrating her participation in joint action with state actors.  He further contends that Kalmewicki is a licensed attorney and officer of the court who engaged in "coordinated conduct with judicial officers" in the probate proceedings.  This, concludes Plaintiff, satisfies the "state action" requirement for § 1983 liability.  (ECF No. 63, PageID.2553).

The objection does not demonstrate error in the R&R's analysis of whether Kalmewicki acted under color of state law.  First, Plaintiff does not point to any allegations in his complaint in support of his contentions.  Instead, he directs the court to hundreds of pages of materials found elsewhere on the docket.  However, the court "need not root through the record to find facts that would support Plaintiffs' positions." *Munoz v. Rare Hosp. Int'l Inc.*, 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025).  Plaintiff's pointing to these materials is simply not sufficient to contest the Magistrate Judge's conclusions that his "allegations are wholly conclusory: they lack the requisite factual matter to make plausible that the state court judges and [Kalmewicki] actually agreed to deprive [Rice] of his constitutional rights." *Kropek v. Sullivan*, 35 F. Supp. 3d 880, 894 (E.D. Mich. 2014).

Second, as the Magistrate Judge pointed out, pursuing a private cause of action is not a state action.  *Vuaai El v. Mortg. Elec. Registry Sys.*, No. CIV 08-14190, 2009 WL 2705819, at *10 (E.D. Mich. Aug. 24, 2009); *Kropek v. Sullivan*, 35 F. Supp. 3d 880, 893 (E.D. Mich. 2014) ("As a general matter at least, a private party pursuing eviction via the state courts is not acting under color of state law.").  Additionally, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a

18

joint actor with the judge." *Wellman v. PNC Bank*, 508 F. App'x 440, 442 (6th Cir. 2012) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

Accordingly, the court agrees with the Magistrate Judge that Plaintiff has not plausibly alleged that Kalmewicki is a state actor or acting under color of state law and his § 1983 claims against her fail for this reason. Plaintiff's objections are **OVERRULED**.

Objection No. 7

Here, Plaintiff objects because the "R&R's state action analysis on pages 18-21 ignores the verified joint participation detailed in ECF 61 and the transcripts (ECF 2 Filed_5 and ECF 2 File_6). State action is plainly established." (ECF No. 63, PageID.2553). This objection is duplicative of Objection No. 6 and is **OVERRULED** for the same reasons.

Objection No. 8

In this objection, Plaintiff contends that the R&R applies an erroneous limitations period, failing to account for the continuing violation doctrine and the date of the discovery of the fraud. (ECF No. 63, PageID.2553). Plaintiff concludes that the "verified record" shows that the claims accrued within the limitations period. *Id*. Plaintiff's objection is **OVERRULED** for two reasons. First, Plaintiff improperly relies on ECF 61 in support of his objection, which

19

was stricken by the court and will not be considered.  Second, Plaintiff's

objections are vague and conclusory.  The filing of vague, general or

conclusory objections to a magistrate judge's report and recommendation is

tantamount to a complete failure to object.  *Fields v. Lapeer 71–A Dist. Ct.*

*Clerk,* 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL

3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific

concerns with a magistrate judge's report results in treatment of a party's

objections as a general objection to the entire magistrate judge's report.  A

general objection is considered the equivalent of failing to object entirely.")).

Objection No. 9

In this objection, Plaintiff argues that the R&R dismisses Oakland

County without addressing the "verified policy of funding and lack of oversight

that enabled the constitutional violations."  (ECF No. 63, PageID.2554).

Plaintiff concludes that "County liability is established through custom and

policy." *Id*.  Plaintiff again refers to ECF No. 61, which was stricken by the

court and will not be considered.  Plaintiff's objections are also vague and

conclusory.  The filing of vague, general or conclusory objections to a

magistrate judge's report and recommendation is tantamount to a complete

failure to object.  *Fields v. Lapeer 71–A Dist. Ct. Clerk,* 2 F. App'x 481, 482-83

20

(6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at \*2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report.  A general objection is considered the equivalent of failing to object entirely.")).  And, as the Magistrate Judge explained in the report and recommendation, "Rice has not identified a policy, action, or custom that could make Oakland County liable for his alleged injuries.  Simply funding the probate court does not suffice."  *See Hill v. Gooch*, No. 3:14-CV-00595, 2014 WL 1117076, at \*3 (M.D. Tenn. Mar. 20, 2014) (allegations that the defendant county was "the municipality responsible for starting, overseeing, funding, and creating policies to establish and operate the Davidson County Drug Court" were not sufficient to establish municipal liability).  (ECF No. 60, PageID.2411).  For these reasons, the objection is **OVERRULED**.

Objection No. 10

Plaintiff takes issue with the R&R's rejection of *Monell* liability against the County.  First, Plaintiff objects to the R&R's reliance on the cases of *Ridgeway* and *Hill*, claiming they are distinguishable.  However, Plaintiff does not explain how these cases are distinguishable or why it was improper for the

Magistrate Judge to rely on them.  Next, Plaintiff asserts that the "verified record establishes an official policy or custom through the county's funding and failure to supervise the Probate and District Courts in handling probate-related evictions and title disputes."  (ECF No. 63, PageID.2554).  Plaintiff points to nothing in the Complaint in support of his claim that the R&R got it wrong on *Monell* and instead points to various other materials on the docket, including the stricken document found at ECF No. 61.  Again, the court "need not root through the record to find facts that would support Plaintiffs' positions."  *Munoz v. Rare Hosp. Int'l Inc.*, 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citation omitted).  Additionally, this objection is duplicative of Objection No. 9 regarding funding and is rejected for the same reasons set forth above.  Lastly, Plaintiff's statement that "Oakland County's deliberate indifference to jurisdictional requirements and due process in these proceedings constitutes the moving force behind the violations," (ECF No. 63, PageID.2554) is too vague and conclusory to be a proper objection.  *See Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object.).  For all these reasons, Objection No. 10 is **OVERRULED**.

Objection No. 11

As explained in the R&R, Plaintiff argued that the proceeds of the Anna Brudek property should be placed in a "constructive trust," claiming he is entitled to half the proceeds.  A constructive trust is an equitable remedy the court could impose if Plaintiff showed he had a regal right to the estate.  In this objection, Plaintiff claims the Magistrate Judge erred when she denied the motion for constructive trust as moot because it was based on the erroneous dismissal of the underlying claims.  (ECF No. 63, PageID.2555).  The court has found no error in the dismissal of the underlying claims and accordingly agrees with the Magistrate Judge's decision to deny the remedy of a constructive trust as moot.  Additionally, the R&R also found Plaintiff's request for a constructive trust lacking on the merits.  Plaintiff's objection does not challenge this conclusion.  For these reasons, the objection is, therefore, **OVERRULED**.

Objection No. 12

In this objection, Plaintiff repeats his assertion from Objection No. 1 that the R&R demonstrates "sympathy" toward Defendants and the Magistrate Judge was therefore biased.  This objection is **OVERRULED** for the same reasons as Objection No. 1.

Plaintiff also seems to object to Defendant Kalmewicki's motion to dismiss as ignoring "Plaintiff's verified fraud allegations" and then lists a host of material from various filings on the docket which he then argues creates a reasonable appearance of partiality.  As far as the court can tell, this is another variation on theme of bias, but it is too vague for the court to properly address.  Plaintiff then takes issue with the motion to dismiss again, asserting that its unverified assertions fail under Rule 8(b)(6), as "undenied verified allegations are deemed admitted."  (ECF No. 63, PageID.2557).  Notably, Defendant was not required to provide specific denials to Plaintiff's complaint as she elected to file a motion to dismiss under Rule 12(b)(6) instead.  In any event, in this aspect of his objection, Plaintiff does not take issue with any part of the R&R and thus, this is not a proper objection.  For all these reasons, Objection No. 12 is **OVERRULED**.

Objection No. 13

This objection is a repeat of Objection No. 2 and is **OVERRULED** for the same reasons set forth above.  Plaintiff's citation to additional voluminous materials on the docket do not undermine the court's previous conclusions.  Additionally, Plaintiff's references to the Clearfield Doctrine and the UCC do not specify any error in the R&R and are vague and conclusory.  *See Miller v.*

24

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").  Finally, the court will not consider Plaintiff's reference to stricken materials.  Accordingly, the objection is also **OVERRULED** for these reasons.

Objection No. 14

This objection is duplicative of Objection No. 3 and is **OVERRULED** for the same reasons set forth above.

Objection No. 15

This objection is duplicative of Objection Nos. 2 and 4 and is **OVERRULED** for the same reasons set forth above.  The court will also not consider stricken materials.

Objection No. 16

This objection is duplicative of Objection No. 5 and is **OVERRULED** for the same reasons set forth above.  Plaintiff's citation to additional voluminous materials on the docket do not undermine the court's previous conclusions.  The court will also not consider stricken materials.

Objection No. 17

This objection is duplicative of Objection No. 6 and is **OVERRULED** for the same reasons set forth above.  Plaintiff's citation to additional voluminous materials on the docket do not undermine the court's previous conclusions.  The court will also not consider stricken materials.

Objection No. 18

Plaintiff again objects to the dismissal of his claim against Oakland County was in error because of "verified allegations" that established "municipal liability via customs, such as funding probate courts enabling bias, with county officials on notice since 2019 yet taking no action, rendering the county a state actor under Monell for deliberate indifference."  (ECF No. 63, PageID.2561).  To the extent this objection raises the same issues identified in Objection Nos. 9 and 10, it is **OVERRULED** for the same reasons.

Additionally, to the extent Plaintiff relies on new evidence in the form of affidavits, these will not be considered for two reasons.  (ECF Nos. 63-2, 63-3).  First, the court is generally limited to the four corners of the complaint when deciding a motion to dismiss the complaint but may consider other materials if they are referred to in the complaint and central to the claims. *Berry v. U.S. Dep't of* Labor, 832 F.3d 627, 637 (6th Cir. 2016).  The affidavits were not created until February 2026 and are not mentioned in the complaint.

Further, the court will not consider evidence presented for the first time in objections, which the Magistrate Judge did not have the opportunity to consider.  *See Syroka v. Ingham County Treasurer*, 2023 WL 2263271, at *1 (W.D. Mich. Feb. 28, 2023) ("[T]he Court declines to consider the supplemental evidence that Plaintiff submitted with his objections. Objections to the Report and Recommendation are not the place to present new evidence.").  Finally, the court will not consider Plaintiff's references to the stricken materials.  For all these reasons, Objection No. 18 is **OVERRULED**.

Objection No. 19

This objection is a duplicate of Objection Nos. 6 and 17 and is **OVERRULED** for the same reasons set forth above.

Objection No. 20

This objection is a duplicate of Objection No. 8 and is **OVERRULED** for the same reasons set forth above.  The citation to additional materials found filed in various places on the docket does not change this result as it is not the court's job to root around in the record to find support for Plaintiff's claims or arguments.  *See Munoz v. Rare Hosp. Int'l Inc.*, 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (The court "need not root through the record to find facts

that would support Plaintiffs' positions.").  Finally, the court will also not consider Plaintiff's reference to stricken materials.

Objection No. 21

This objection is a duplicate of Objection Nos. 9, 10, and 18 and is **OVERRULED** for the same reasons set forth above.  Plaintiff's statement that "[r]eliance on *Ridgeway v. Union Cnty. Comm'rs*, 775 F. Supp. 1105 (S.D. Ohio 1991), and *Hill v. Gooch*, 2014 WL 1117076 (M.D. Tenn. 2014), is inapposite, as those cases lacked verified policy evidence present here" is vague and conclusory.  (ECF No. 63, PageID.2562).  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").  The court will also not consider Plaintiff's reference to stricken materials.

Objection No. 22

In this objection, Plaintiff objects to the denial of his motion for constructive trust as "premature."  This objection is duplicative of Objection No. 11 and is **OVERRULED** for the same reasons set forth above.  Plaintiff claims that the request remains viable "given sustained objections, as verified fraud warrants equitable relief to prevent unjust enrichment."  (ECF

63, PageID.2562-63).  However, no objections were sustained.  Finally, the court will not consider stricken materials.

<u>Objection No. 23</u>

This objection is duplicative of Objection Nos. 1 and 12 and is **OVERRULED** for the same reasons set forth above.

<u>Objection No. 24</u>

This objection is duplicative of Objection Nos. 2 and 13 and is **OVERRULED** for the same reasons set forth above.

<u>Objection No. 25</u>

This objection is duplicative of Objection Nos. 3 and 14 and is **OVERRULED** for the same reasons set forth above.

<u>Objection No. 26</u>

This objection is duplicative of Objection Nos. 4 and 15 and is **OVERRULED** for the same reasons set forth above.

<u>Objection No. 27</u>

This objection is duplicative of Objection Nos. 5 and 16 and is **OVERRULED** for the same reasons set forth above.

<u>Objection No. 28</u>

This objection is duplicative of Objection Nos. 6 and 17 and is **OVERRULED** for the same reasons set forth above.

Objection No. 29

This objection is duplicative of Objection Nos. 8 and 20 and is **OVERRULED** for the same reasons set forth above.

Objection No. 30

This objection is duplicative of Objection Nos. 9, 10, 18 and 21 and is **OVERRULED** for the same reasons set forth above.

Objection No. 31

This objection is duplicative of Objection Nos. 11 and 22 and is **OVERRULED** for the same reasons set forth above.

## V.   CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections (ECF No. 63), **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 60), **GRANTS** Defendants' motions to dismiss (ECF Nos, 20, 42, 43), **DENIES** Plaintiff's motion for constructive trust as moot

(ECF No. 50), and **DENIES** Defendants' motion to declare Plaintiff a vexatious

litigant (ECF No. 53).

**SO ORDERED**.

Dated: March 26, 2026                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge