UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN RICE,                                           Case No. 25-11331

          Plaintiff,                                  F. Kay Behm
v.                                                    U.S. District Judge

JESSICA KALMEWICKI, *et al.*,                         Kimberly G. Altman
                                                      U.S. Magistrate Judge
          Defendants.
_____ /

**ORDER ON MOTION FOR RECONSIDERATION (ECF No. 77)**
**AND MOTION TO STAY PENDING APPEAL (ECF No. 80)**

**I.     MOTION FOR RECONSIDERATION (ECF No. 77)**

Plaintiff moves for reconsideration of this court's final Opinion and

Order dated March 26, 2026 (ECF No. 73) under Local Rule 7.1(h).  (ECF No.

77).  Pursuant to Local Rule 7.1(h)(1), the court will not grant reconsideration

of a final order and judgment under this rule.  ED Mich. LR 7.1(h)(1).  Instead, a

party must proceed under Federal Rule of Civil Procedure 59(e) or 60(b).  *Id.*

Accordingly, the court will construe Plaintiff's motion for reconsideration as a

motion under Rule 59(e).

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend

judgment and requires a party to file its request within 28 days after the entry

1

of the judgment.  Fed. R. Civ. P. 59(e).  A party can seek the alteration or amendment of a judgment only for the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.  *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (citing *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)).  Rule 59(e) motions "serve a limited purpose" and may be granted only for one of the foregoing reasons.  *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009).  The disposition of motions under Rule 59(e) are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich.1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)).

Plaintiff has not demonstrated any one of the four bases for relief under Rule 59(e).  Instead, his arguments were all raised previously or could have been raised previously.  Such arguments are insufficient to obtain Rule 59(e) relief.  *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "does not permit parties to effectively 're-argue a case'" (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998))); *Gulley v. County of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) ("A Rule 59(e) motion is not properly used as a vehicle to re-

hash old arguments or to advance positions that could have been argued earlier, but were not.").  Accordingly, the motion under Rule 59(e) is **DENIED**.

## II.     MOTION TO STAY PENDING APPEAL (ECF No. 80)

Plaintiff seeks a stay of the court's judgment and opinion and order dismissing his claims, pending appeal.  (ECF No. 80).  Federal Rule of Appellate Procedure 8(a) provides that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily move first in the district court.  Fed. R. App. P. 8(a)(1)(A).  "The court balances the traditional factors governing injunctive relief in ruling on motions to stay pending appeal."  *Baker v. Adams Cnty./Ohio Valley Sch. Bd*., 310 F.3d 927, 928 (6th Cir. 2002).  Those factors are (1) the likelihood of success on the merits, (2) irreparable harm to the moving party in the absence of a stay, (3) injury to other interested parties, and (4) the public interest.  *Id*.  The moving party "has the burden of showing it is entitled to a stay."  *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020).

For the reasons set forth in this court's order adopting the report and recommendation and the report and recommendation itself (ECF Nos. 73, 60), the court finds that Plaintiff has not shown a likelihood of success on the merits.  As to irreparable harm, Plaintiff alleges that he was rendered

3

homeless, lost his 50% ownership in the property, and was denied the opportunity to present evidence of his ownership in the proceedings before Judge Callaghan.  Plaintiff has already lost the subject property and a stay of the judgment of dismissal of his claims here will not undo that transaction. Nor would a stay of the dismissal allow him to present evidence before Judge Callaghan.  He also says that money damages cannot restore real property or undo the Constitutional violations caused by void proceedings.  However, a stay of the dismissal of his claims here would not restore the real property or undo any acts caused by the alleged "void proceedings."  Plaintiff also says that a stay is necessary to prevent the "ongoing self-dealing and dissipation of the $415,000 in sale proceeds."  However, he does not explain how staying the dismissal of his claims in this case would prevent any ongoing self-dealing and dissipation of the sale proceeds.  Accordingly, the court finds that a stay would not prevent any irreparable harm to Plaintiff and this factor weighs against a stay.

The court also finds that the balancing of the harms to the parties and the public interest are neutral as to granting a stay of the dismissal in this case.  Given that the first two factors weigh against issuing a stay and the

4

second two factors are neutral, the court **DENIES** the motion to stay the

Opinion and Order and the Judgment, pending appeal.

   **SO ORDERED**.

Dated: July 27, 2026                                      s/F. Kay Behm
                                                         F. Kay Behm
                                                         United States District Judge